## Daniel Adams *versus* Isaac Adams.

To an avowry in replevin for cattle, the plaintiff pleads that the defendant drove the cattle three miles to a town pound, and that it was his duty to have restrained them in some other place more convenient for relieving them with meat and water. *Held,* that the plea was bad, 1. because it did not allege that the defendant had another place where he might conveniently have restrained the cattle ; and 2. because, even if he had, he had an election to restrain them in the town pound.

It is the duty of a party impounding cattle, to feed and water them as often as is re quired according to the usage of the country and of good husbandry ; — where therefore a field-driver, in warm weather, took up milch cows unlawfully going at large in the highway, and drove them to a town pound, and there restrained them from 7 o'clock in the morning until 5 o'clock in the afternoon, without giving them food or water, it was *held* that he was a trespasser *ab initio.*

Where a plea by a plaintiff in replevin alleged, that the defendant detained the plaintiff's milch cows in a pound from 7 o'clock in the morning till 5 o'clock in the afternoon, in warm weather, and during that time did not relieve them with any meat and water, whereby they became greatly injured by shrinking of their milk and in other respects, it was *held,* on general demurrer, that there was a sufficient averment that the cattle needed relief.

Replevin for seven milch cows, taken on June 19, 1830.

The defendant avows the taking, alleging that he was a field-driver of the town of Newbury, and that the cattle were

going at large in the highway in Newbury, without a keeper, contrary to the statute and to a vote of the town.

The plaintiff pleads in bar to the avowry, 1. that the cattle, when taken, were not going at large in Newbury without a keeper. Upon this plea an issue to the country was joined.

2. That the defendant, well knowing the cows to be the milch cows of the plaintiff, took them at about 6 o'clock in the morning and drove them about three miles to a public pound, and there detained them till 5 o'clock in the afternoon, when they were replevied in this action ; and the plaintiff avers that it was the duty of the defendant, if the cows were at large, to have restrained them in some place near where they were taken, which was near the defendant's place of residence, as most convenient for relieving them with suitable meat and water ; and that by reason of the driving the cows and the heat of the weather they greatly shrunk in their milk and were much injured, whereby the defendant became a trespasser from the beginning. To this plea there was a general demurrer.

3. That after the defendant took the cows, he drove them about three miles to a public pound in Newbury and there detained them, being milch cows, from about 7 o'clock in the morning till 5 o'clock in the afternoon, and during all that time did not relieve them, nor cause them to be relieved, with any meat and water of any kind ; whereby they became greatly injured by shrinking of their milk and in other respects, whereby the defendant became a trespasser from the beginning. To this plea there was a general demurrer.

*Moseley*, for the plaintiff, cited *St.* 1799, *c.* 61 ; *St.* 1783, *c.* 65, § 3 ; Anc. Charters &c. 176, 309 ; *Hopkins* v. *Hopkins*, 10 Johns. R. 369.

*Marston*, for the defendant, cited *Johnson* v. *Carter*, 16 Mass. R. 445, to the point that the second and third pleas were argumentative.

PUTNAM J. delivered the opinion of the Court. The *St.* 1799, *c.* 61, provides that the inhabitants of any town in this commonwealth may order and direct that neat cattle &c. shall not go at large, without a keeper, under a penalty, to be recovered by any inhabitant, by impounding the beast and

*Margin notes:* Adams *v.* Adams. — Nov. 9th. — Nov. 10th.

proceeding according to the provision in cases of cattle found damage-feasant.

The *St.* 1788, *c.* 65, declaring the causes for which cattle may be impounded and the manner how they shall be proceeded with &c., provides (§ 3,) that any person injured in his tillage &c., may have trespass *quare clausum fregit*, or may impound the creatures doing the damage, or some of them, at his election, with or without the aid of a field-driver, and in case he impound the creatures " he may restrain them in one of the town pounds, or in some other place under his immediate care and inspection, as may be most convenient for relieving them with suitable meat and water, which relief it shall be the duty of the person impounding to furnish, or cause to be sufficiently furnished, during their confinement."

The first question in the case before us, is upon the sufficiency of the plaintiff's second plea ; to which there is a general demurrer and joinder. And we are of opinion that it is bad, because it does not state that the defendant had any place near where the cattle were taken, in which he might conveniently have restrained them, and that fact cannot be presumed. And for another reason, that we think the party impounding, according to the intent and meaning of the statute before cited, has an election to impound the cattle in the town pound, or elsewhere, even if he has some place near, in which he could restrain them.

The plaintiff pleads thirdly, that the defendant drove the cattle, which were milch cows, three miles to a public pound, after he took them, and detained them from about 7 o'clock in the morning until 5 o'clock in the afternoon, and did not, during that time, relieve them with any meat and water, whereby they were greatly injured &c. ; and to this plea there is a general demurrer and joinder.

Now it was the duty of the party impounding to furnish suitable food for the creatures ; and we are all satisfied that it was not done in the case before us. The party impounding should, as nearly as might be reasonably done, keep and feed the cattle and give water to them as often as was required according to the usage of the country and of good husbandry. We believe it would be unparalleled and gross

neglect in a farmer to take his milch cows in the morning early and shut them up in a yard without water or food until 5 o'clock in · the afternoon in summer. If the cattle had been soiled, or if it had been the custom to keep them in the stable, we do not think it would have been suitable to suffer them to stand so long without relief.

It is objected to this plea, that it is bad because the plaintiff has disclosed and set forth the evidence and not the legal result of it ; and that there is no averment that the cattle needed relief.

We think these objections are not sufficient to avoid the plea. There are material facts set forth, which the defendant might have traversed. He might have denied that he kept the creatures as long as the plaintiff had said that he did, without food, if the truth would have warranted it ; and he might have said that the creatures were not injured by such abstinence. Those issues might have been for the jury. But the defendant now admits that he kept the creatures without food or water, as the plaintiff alleges, and for the time that he alleges ; and he admits that the cattle were injured as alleged. The plea substantially sets forth, that the creatures were not suitably relieved by the defendant after he impounded them, and the statement of the length of time they were restrained without food, under the circumstances, and of the consequential injury, is a sufficient averment that they needed relief.

The result is, that this plea is good and the defendant must be considered as a trespasser *ab initio.* For the law is perfectly clear, that where an authority given by the law is abused, the party is to be considered as a trespasser from the beginning ; as if the party distraining should work or kill the creatures distrained &c.

The judgment of the Court is, that the third plea to the avowry is good, and that the plaintiff recover his damages for the detention, to be assessed by the jury unless the parties shall agree upon the amount, and his costs of suit